**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4119**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

TRAVIS WAYNE DAY,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, District Judge. (1:19-cr-00032-JPJ-PMS-1)

Submitted: October 28, 2020                Decided: December 22, 2020

Before KEENAN and WYNN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Juval O. Scott, Federal Public Defender, Roanoke, Virginia, John T. Stanford, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Abingdon, Virginia, for Appellant. Thomas T. Cullen, United States Attorney, S. Cagle Juhan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Wayne Day appeals his sentence at the bottom of his Guidelines range after pleading guilty to Hobbs Act robbery in violation of 18 U.S.C. § 1951 and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). On appeal, he argues the district court procedurally erred in considering "the psychological harm [it] assumed the clerk experienced as a relevant sentencing factor"; and his sentence is also procedurally and substantively unreasonable because the court did not adequately consider and properly weigh his arguments for a lower sentence.[*] We affirm.

"This Court 'review[s] all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "First, we 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (quoting *Gall*, 552 U.S. at 51). "If the Court 'find[s] no significant procedural error, [it] then consider[s] the substantive

---

[*] To the extent that Day challenges the district court's decision not to downwardly depart under the Sentencing Guidelines, as opposed to a downward variance, we may not review the decision. *See United States v. Torres-Reyes*, 952 F.3d 147, 151 n.2 (4th Cir. 2020). We therefore limit our review to the court's decision to deny a variance.

reasonableness of the sentence imposed.'" *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (citation omitted).

"As is well understood, to meet the procedural reasonableness standard, a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks and citations omitted). "Specifically, a district court's explanation should provide some indication [] that the court considered the § 3553(a) factors and applied them to the particular defendant, and also that it considered a defendant's nonfrivolous arguments for a lower sentence." *Id.* at 212-13 (internal quotation marks and citations omitted). "Importantly, it is also well established that our review of a district court's sentencing explanation is not limited to the court's statements at the moment it imposes sentence," but rather, this Court "look[s] at the full context" of those statements when evaluating them. *Id.* at 213.

"When considering the substantive reasonableness of a prison term, we 'examine[] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a).'" *Arbaugh,* 951 F.3d at 176 (citation omitted); *see also Gall*, 552 U.S. at 59-60 (appellate court must give "due deference" to a district court's "reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence"). "Applying this standard, we may 'reverse a sentence only if it is unreasonable, even if the sentence would not have been the choice of the appellate court.'" *United States v. McCain*, 974 F.3d 506, 518 (4th Cir. 2020) (citations omitted). We presume that a sentence within the Guidelines range is

3

substantively reasonable.  *United States v. Zelaya,* 908 F.3d 920, 930 (4th Cir. 2018) (citation omitted).  A defendant can only rebut the presumption by showing that the sentence is unreasonable when measured against the § 3553(a) factors.  *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Day first contends the district court procedurally erred in considering "speculative harm to the victim" as an improper sentencing factor.  Since he did not raise this issue in the district court, we review it for plain error.  *See Fowler*, 948 F.3d at 669; *United States v. Hargrove*, 625 F.3d 170, 184 (4th Cir. 2010).  He "must show '(1) that the trial court erred, (2) that the error is clear and obvious, and (3) that the error affected his substantial rights.'"  *Fowler*, 948 F.3d at 669 (quoting *Hargrove*, 625 F.3d at 184).  If he does so, we will exercise our discretion to correct the error "only if 'the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'"  *Id*. (citations omitted).

We have reviewed the record and Day's briefs on appeal, and we conclude that he fails to make this showing.  Having accepted the presentence report and viewed a video of Day's crimes, the district court found the facts were "that he went into the convenience store and pointed a loaded firearm at a young female clerk"; and "[t]here was not a great deal of money involved."  Day argued that his crime was "foolish" and "aberrant" in light of his history and characteristics; and he asked for a sentence below his Guidelines range of 24 to 30 months in prison for the robbery.  Even though he was employed, he told police that he committed the crime because he was broke.  At sentencing, his counsel speculated that he had done so due to pride but noted the reason was mysterious.  In his allocution, Day did not clear up the mystery or express concern for the victim but accepted that his

4

crime was "foolish." The Government argued that Day's crime was serious; its nature "was to point a pistol at the clerk in this store and made her fear for her life"; and the fact that he decided to rob a store to get money said something about his character.

In explaining its decision that a Guidelines range sentence was appropriate, the district court agreed it was a mystery why Day had committed this crime; and it was "hard to understand why somebody of [his] apparent prior good character and education and work history and experience . . . wouldn't understand how terrifying that would be to the clerk." The court also noted that "in [its] view," the clerk would not forget that terror. The court then explained that although Day's "history and characteristics don't seem to be a factor other than good," it was "the nature and circumstances of this crime" that concerned the court and made a sentence within the Guidelines range appropriate. Moreover, "justice, respect for the law, and just punishment" also made the sentence appropriate.

We conclude that Day has not shown error that was clear or obvious; and even if he did, he has not shown he would have received a lower sentence had the error not occurred. *See Hargrove*, 625 F.3d at 184-85. Regarding his second issue alleging procedural and substantive error in not adequately considering and properly weighing his arguments for a lower sentence, we further conclude the district court did not err or abuse its discretion.

We review Day's second issue for abuse of discretion. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 764 (2020); *United States v. Lynn*, 592 F.3d 572, 578 (4th Cir. 2010). "At bottom, [Day] argues that the district court should have weighed the sentencing factors differently. But district courts have 'extremely broad discretion' in this regard." *McCain*, 974 F.3d at 517 (citation omitted). Here, the court conducted an

5

individualized assessment of the facts and arguments presented, considered the § 3553(a) factors and Day's arguments for a lower sentence, and adequately explained its sentence. Moreover, Day fails to rebut the presumption that his sentence is substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*